IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEBRA M. MCNATT,** | **6:15-CV-00584-BR** |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN,**<br>**Commissioner, Social Security**<br>**Administration,** | |
| Defendant. | |

**DREW L. JOHNSON**
1700 Valley River Drive
Eugene, OR 97405
(541) 434-6466

**JOHN E. HAAPALA, JR.**
401 E. 10th Avenue
Suite 240
Eugene, OR 97401
(541) 345-8474

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2733

       Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Debra M. McNatt seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for SSI on January 26, 2012, and alleged a disability onset date of January 1, 2011.[1]

---

[1] Plaintiff provided an alleged onset date of January 15, 2010, in her application, but at the hearing the ALJ accepted Plaintiff's request to amend her alleged onset date to January 1, 2011. Tr. 85, 253.

2 - OPINION AND ORDER

Tr. 85.[2]  Her application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on November 21, 2013.  Tr. 245-73.  At the hearing Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney.

On December 19, 2013, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 13-21.  On February 11, 2015, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 6-8.  See Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on May 17, 1958, and was 55 years old at the time of the hearing.  Tr. 85.  Plaintiff has a GED.  Tr. 267.  She has past relevant work experience as an apartment manager.  Tr. 20.

Plaintiff alleges disability due to arthritis, depression, anxiety, fibromyalgia, gout, stomach disorders, and "severe pain throughout body all the time."  Tr. 102.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the

---

[2] Citations to the official transcript of record filed by the Commissioner on September 10, 2015, are referred to as "Tr."

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 18-20.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

4 - OPINION AND ORDER

(9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other

words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her January 26, 2012,

7 - OPINION AND ORDER

application date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of fibromyalgia, bilateral hip bursitis, and degenerative joint disease in multiple joints.  Tr. 15.  The ALJ found Plaintiff's depression, tremors, and gastroesophageal reflux disease (GERD) are not severe.  Tr. 16-17.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to perform light work.  Tr. 17.  The ALJ also found Plaintiff is limited to frequent grasping, handling, fingering, and feeling bilaterally.  Tr. 17.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work a an apartment manager as that job is "generally performed in the national economy."  Tr. 20.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) partially rejected Plaintiff's testimony; (2) rejected the opinion of Plaintiff's treating doctor Clyde Byfield, M.D.; (3) partially rejected the lay-witness statement of Kerry Sanchez; and (4) failed to include all of Plaintiff's restrictions in his hypothetical to the VE.

8 - OPINION AND ORDER

**I.   The ALJ gave clear and convincing reasons for partially rejecting Plaintiff's testimony**.

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for partially rejecting Plaintiff's hearing testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified she suffers from

9 - OPINION AND ORDER

fibromyalgia, which causes her to be in severe pain; she has tremors; and she suffers from anxiety. Tr. 254. Plaintiff acknowledged at the hearing that she had indicated on her application for benefits that she had stopped working as an apartment manager in 2010 because the building manager no longer needed an apartment manager and Plaintiff had to care for her four grandchildren. Nevertheless, at the hearing Plaintiff testified she also stopped working as an apartment manager in 2010 because she could no longer do the work that was required for that position, which included painting, cleaning, and replacing appliances. Tr. 255. Plaintiff testified she has suffered fibromyalgia for almost four years and is in constant pain. Tr. 257. Plaintiff conceded at the hearing that she was suffering from fibromyalgia and experiencing pain at the time she was working as an apartment manager, but it has become "worse since." Tr. 257-58. Plaintiff testified she cannot bend or move two or three days per week, and she stays in bed because she hurts all over. Plaintiff stated her pain caused her to be severely depressed. Plaintiff noted she has been taking anti-anxiety medication and/or an antidepressant for "a long time." Tr. 259. Plaintiff testified "certain lights, florescent lights . . . will trigger anxiety" as well as loud noises on some days. Tr. 259. Plaintiff testified she will not grocery shop alone because her anxiety can "hit" suddenly and cause her to pass out.

10 - OPINION AND ORDER

Tr. 260.  Plaintiff noted she suffers anxiety attacks sometimes up to twice per week even when she is taking medication. Tr. 261.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's testimony "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible."  Tr. 18.  The ALJ noted Mike Milstein, M.D., radiologist, reported x-rays of Plaintiff's hands did not show any rheumatoid arthritis or erosive arthritis of the hands. Tr. 209-10.  In addition, William Hinz, M.D., examining rheumatologist, noted on October 24, 2012, that Plaintiff had a ganglion cyst on her right wrist, but her "28 joint exam demonstrates no synovitis and normal range of motion in all joints."  Tr. 181.  Dr. Hinze conducted a bilateral examination of Plaintiff's feet and noted "no synovitis, no MTP squeeze pain, prominent bunions bilaterally.  Muscle strength is 5 out of 5 in all extremities."  Tr. 181.  The ALJ found Plaintiff's reported level of pain and effects of her limitations were undermined by these reports.

The ALJ also noted Plaintiff's treating physician, Dr. Byfield, prescribed gababentin for Plaintiff's pain and believed Plaintiff was taking that medication.  Plaintiff, however, reported to Dr. Hinz in September 2012 that she never

11 - OPINION AND ORDER

started taking gababentin.  Tr. 183.  Plaintiff advised Dr. Hinz that she "often reads possible side effects [of medication] and it scares her away from the meds."  Tr. 183.  Dr. Hinz also recommended Plaintiff undergo a formal sleep study because it appears she suffers from "probable obstructive sleep apnea," which is causing her to sleep poorly and, in turn, increases her fibromyalgia symptoms.  Tr. 182.  Plaintiff, however, did not undergo a sleep study.  Plaintiff also testified at the hearing that she takes only ibuprofen for her pain because "my doctor doesn't believe in pain pills or he doesn't give me anything else."  Tr. 258.  The record, however, reflects Dr. Byfield has prescribed gabapentin, amipripyline, and lyrica.

Finally, the ALJ noted the inconsistency between Plaintiff's statement in her application that (1) she stopped working in 2010 because the building manager no longer needed an apartment manager and she had to care for her four grandchildren and (2) her testimony at the hearing that she stopped working because she could not perform the requirements of the job.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was only partially credible.  The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

**II.  The ALJ did not err when he rejected the August 2012 opinion of Dr. Byfield.**

12 - OPINION AND ORDER

Plaintiff contends the ALJ erred when he rejected the August 2012 opinion of Plaintiff's treating physician Dr. Byfield. Specifically, in August 2012 Dr. Byfield stated in a treatment note that Plaintiff suffers "[s]evere fibromyalgia . . . with impairments that do make her totally disabled as discussed in [History of Present Illness] HPI.  Has not tolerated amipripyline, gabapentin or lyrica."  Tr. 196.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

The ALJ rejected Dr. Byfield's opinion on the ground that it reflected Plaintiff's "subjective report of her capabilities." Tr. 20.  The ALJ also found the debilitating symptoms that Plaintiff reported to Dr. Byfield and that formed the basis for Dr. Byfield's opinion were not credible.  In addition, Dr. Byfield relied at least in part on Plaintiff's lack of success with gabapentin, but, as noted, Plaintiff reported to

13 - OPINION AND ORDER

Dr. Hinz that she never took the gabapentin prescribed by Dr. Byfield. Moreover, neither Dr. Hinz nor Plaintiff's other examining physicians opined Plaintiff is disabled or totally unable to work. Lloyd Wiggins, M.D., reviewing physician also concluded Plaintiff is not disabled.

On this record the Court concludes the ALJ did not err when he rejected Dr. Byfield's August 2012 opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err when he partially rejected the statement of Plaintiff's friend, Kerry Sanchez.**

On April 7, 2012, Plaintiff's friend, Kerry Sanchez completed a third-party adult function report in which she indicated she has known Plaintiff for ten years and that Plaintiff's symptoms have become worse. Sanchez reported Plaintiff takes care of her four grandchildren and her pets. Sanchez noted Plaintiff cooks, cleans, helps her grandchildren with their homework, grocery shops, does laundry, and does other general household chores. Tr. 135-36. Sanchez reported Plaintiff has limited mobility, can walk 10-20 minutes before needing to rest, has trouble getting up after sitting for prolonged periods, cannot lift more than eight pounds, and cannot stand for long periods. Tr. 137-38.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly

14 - OPINION AND ORDER

determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000) ("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").  The ALJ's reasons for rejecting lay-witness testimony must also be "specific."  *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).

The ALJ rejected the portion of Sanchez's statement in which she noted Plaintiff could not lift more than eight pounds on the ground that it was not supported by the medical evidence and was inconsistent with Plaintiff's reported level of activity.  In particular, Plaintiff reported she had trouble grocery shopping alone due to anxiety rather than because she could not lift items weighing more than eight pounds.  In addition, none of Plaintiff's treating or examining physicians indicated Plaintiff was unable to lift more than eight pounds.

The Court concludes on this record that the ALJ did not err when he partially rejected Sanchez's statement because the ALJ provided specific reasons germane the witness for doing so.

**IV. The ALJ did not err in his hypothetical to the VE.**

Plaintiff contends the ALJ erred when he relied on the VE's testimony because the ALJ failed to include all of Plaintiff's limitations in the hypothetical posed to the VE.

15 - OPINION AND ORDER

Because the Court has found the ALJ properly rejected Plaintiff's testimony in part, properly rejected Dr. Byfield's August 2012 opinion, and properly partially rejected Sanchez's statement, the Court concludes the ALJ did not err when he did not include in his hypothetical to the VE all of the limitations set out in Plaintiff's testimony, Sanchez's statement, or in the opinion of Dr. Byfield and when he relied on the VE's testimony in response to his hypothetical.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 2nd day of May, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge